# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KELLY BLAND**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**HUMANA INC.**,<br><br>*Defendant.* | Case No. 1:26-CV-00659-KM<br><br>**Hon. Karoline Mehalchick** |

## DEFENDANT HUMANA INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO <u>FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>

Case 1:26-cv-00659-KM    Document 7-1    Filed 05/19/26    Page 2 of 29

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   PROCEDURAL STATEMENT ...........................................................................2

III.  STATEMENT OF QUESTIONS INVOLVED ....................................................2

IV.   PLAINTIFF'S ALLEGATIONS..........................................................................3

V.    LEGAL STANDARD ..........................................................................................4

VI.   ARGUMENT—PLAINTIFF FAILS TO PLAUSIBLY ALLEGE ANY
      VALID CLAIM UNDER THE TCPA. ...............................................................6

   A.   Plaintiff Fails To Allege Sufficient Facts That Humana Is Directly Or
        Vicariously Liable For The At-Issue Calls. .................................................6

      1.   Plaintiff Fails to Plausibly Allege Humana Directly Made the Calls
           at Issue..................................................................................................7

      2.   Plaintiff Fails to Plausibly Allege That Humana is Vicariously Liable
           for the Calls at Issue.............................................................................8

         i.   Plaintiff Fails to Plausibly Allege Actual Authority Because There
              Are No Factual Allegations that Humana Directed or Controlled the
              Third-Party Vendor. .........................................................................9

         ii.  Plaintiff Does Not Plausibly Allege Apparent Authority Because
              No Facts Support the Conclusion that Humana Held Out the Initial
              Caller as Its Agent. ........................................................................11

         iii. Plaintiff Fails to Plausibly Allege Ratification Because the
              Complaint Lacks Facts Showing Humana Knew, or Should Have
              Known, of the Illegal Calls. ...........................................................13

   B.   Even Assuming Vicarious Liability for the Final Call, Plaintiff's
        Claims Must Be Dismissed Because She Does Not Plausibly Allege
        Receiving More Than One Call From Or On Behalf Of Humana..............15

C.   Count III Must Be Dismissed Because Plaintiff Fails To Plausibly Allege That Humana Has Failed To Implement The Policies And Procedures Prescribed By 47 C.F.R. § 64.1200(d). ....................................17

VII.   CONCLUSION...........................................................................................19

## TABLE OF AUTHORITIES

**Cases**

*Advanced Disposal Servs. East, Inc. v. NLRB*,
  820 F.3d 592 (3d Cir. 2016)........................................................................ 12, 13

*Am. Tel. & Tel. Co. v. Winback and Conserve Program*,
  42 F.3d 1421 (3d Cir.1994).....................................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................ 3, 4, 16

*Barr v. Macys.com, LLC*,
  2023 WL 6393480 (S.D.N.Y. Sept. 29, 2023)......................................................17

*Barticheck v. Fidelity Union Bank/First Nat'l State*,
  680 F.Supp. 144 (D.N.J.1988) .................................................................10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................ 3, 4, 16

*Buja v. Novation Capital, LLC*,
  2017 WL 10398957 (S.D. Fla. Mar. 31, 2017).....................................................17

*Covington v. Continental General Tire, Inc.*,
  381 F.3d 216 (3d Cir. 2004)..................................................................10

*Covington v. Int'l Ass'n of Approved Basketball Officials*,
  710 F.3d 114 (3d Cir. 2013)....................................................................8

*Dobkin v. Enter. Fin. Grp., Inc.*,
  2014 WL 4354070 (D.N.J. Sept. 3, 2014) .......................................................5, 6

*Doyle v. GoHealth, LLC*,
  2023 WL 3984951 (D.N.J. Mar. 30, 2023).........................................................6

*Doyle v. Matrix Warranty Sols., Inc.*,
  679 F. Supp. 3d 42 (D.N.J. 2023) ..............................................................7

iv

*Farris v. JC Penney Co., Inc.*,

    176 F.3d 706 (3d Cir. 1999)..............................................................................10

*Fowler v. UPMC Shadyside*,

    578 F.3d 203 (3d Cir. 2009)..............................................................................4

*Gillam v. Reliance First Cap., LLC*,

    2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023) ....................................................15

*Klein v. Just Energy Grp., Inc.*,

    2016 WL 3539137 (W.D. Pa. June 29, 2016) ............................................ *passim*

*Landy v. Nat. Power Sources, LLC*,

    2021 WL 3634162 (D.N.J. Aug. 17, 2021) ................................................ *passim*

*Nece v. Quicken Loans, Inc.*,

    2018 WL 1326885 (M.D. Fla. Mar. 15, 2018) ....................................................17

*Simmons v. Charter Commc'ns, Inc.*,

    222 F. Supp. 3d 121 (D. Conn. 2016)..................................................................17

*U.S. Express Lines Ltd. v. Higgins*,

    281 F.3d 383 (3d Cir. 2002)..............................................................................4, 5

*Weingrad v. Top Healthcare Options*,

    2024 WL 4228149 (E.D. Pa. Sept. 17, 2024) ...................................... 14, 15, 16

**Statutes and Rules**

47 C.F.R. § 64.1200 ..........................................................................................16

47 U.S.C. § 227..................................................................................................1

**Other Authorities**

*In the Matter of the Joint Petition Filed by Dish Network, LLC, the United*

    *States of Am., & the States of California, Illinois, N. Carolina, & Ohio*

    *for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA)*

    *Rules*, 28 F.C.C. Rcd. 6574 (2013)...............................................................6, 11

*Restatement (Third) of Agency* § 2.01 (2006)..........................................................8

*Restatement (Third) of Agency* § 4.01 (2006)...........................................................12

Defendant Humana Inc. ("Humana"), by and through its undersigned counsel, hereby moves this Honorable Court to dismiss Plaintiff Kelly Bland's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## I.    <u>INTRODUCTION</u>

Plaintiff's Complaint does not plausibly allege any violation of the Telephone Consumer Protection Act ("TCPA") against Humana and must be dismissed in its entirety for three reasons.

First, the Complaint fails to allege that Humana is directly or vicariously liable for the calls at issue. The Complaint does not plead specific factual content establishing that Humana initiated the calls or that there was actual authority, apparent authority, or ratification regarding the third-party vendor's actions.

Second, even if the Court were to assume, *arguendo*, that Humana could be vicariously liable for the final call transferred to a Humana agent, Plaintiff's Complaint does not allege receipt of more than one telephone call made by or on behalf of Humana as required to sustain a violation of the TCPA's Do Not Call

---

[1] Opposing counsel has informed counsel for Humana that he is under the belief that the Motion to Dismiss and Motion to Strike must be filed as a single document. However, filing separate motions is a common and understood practice in this jurisdiction, and neither the Local Rules nor the Court's Individual Practices preclude it. To the extent the Court determines the motions should be consolidated, Humana respectfully request leave to amend and refile them as a single document. See e.g. Friel v. Line 5, LLC, et al, No. 3:24-cv-01866 (M.D. Pa.); Caldiero v. Missouri Higher Education Loan Authority et al, No. 3:24-cv-00315 (M.D. Pa.); and Shoemaker et al v. Zeitlin et al, No. 1:21-cv-01668 (M.D. Pa.).

("DNC") and Caller ID provisions. *See* 47 U.S.C. § 227(c)(5). Since there are no allegations plausibly connecting Humana to the first two of the three alleged calls, Plaintiff has failed to meet the strict statutory requirement.

Finally, Plaintiff has not plausibly alleged that Humana failed to institute or maintain the minimum required internal DNC procedures. While the Complaint simply alleges that Plaintiff asked a third-party on the first call to stop calling, Plaintiff completely fails to plead any facts suggesting that Humana itself lacks a written policy, fails to train its actual employees, or otherwise systemically violates the procedural mandates of 47 C.F.R. § 64.1200(d).

As such, this Court should dismiss Plaintiff's Complaint in its entirety.

## II.    **PROCEDURAL STATEMENT**

On or about March 16, 2026, Plaintiff filed the instant action asserting claims against Humana alleging violations of the Telephone Consumer Protection Action. Dkt. 1.

## III.    **STATEMENT OF QUESTIONS INVOLVED**

1.    Whether the Court should dismiss the Complaint where Plaintiff fails to allege sufficient facts to establish that Humana is directly or vicariously liable for the

2.    Whether the Court should dismiss the Complaint where Plaintiff fails to plausibly alleging receiving more than one call on behalf of Humana?

2

3.      Whether the Court should dismiss the Complaint where Plaintiff fails to plausibly allege that Humana failed to implement the policies and procedures required by 47 C.F.R. § 64.1200(d)?

## IV.    PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that she received calls on her personal residential number from a call center hired by Humana on February 1, 2025, September 18, 2025, and October 16, 2025, despite her number being listed on the National DNC Registry. Compl. at ¶¶ 32-34, 36.

Plaintiff alleges she received the first at-issue call on February 1, 2025, from a caller named "Zack" using a spoofed caller ID (208-252-3862). *Id*. at ¶ 33. "Zack" was alleged to be seeking to sell a health insurance policy while representing a fictitious company called the "Medicare Help Centre." *Id.* Plaintiff alleges she instructed the caller to stop calling. *Id*. On September 18, 2025, Plaintiff alleges she received the second at-issue call that utilized a spoofed caller ID (817-786-1954). *Id*. at ¶34. On October 16, 2025, Plaintiff alleges that she received the third at-issue call from a different spoofed caller ID (817-786-1166) and that the caller claimed to be "Zack" representing "Medicare Help Centre." *Id*. at ¶¶ 36-37. This call was ultimately transferred to Hassan Rashid ("Mr. Rashid"), a Humana agent who attempted to sell Plaintiff a Humana Medicare insurance policy. *Id*. at ¶ 42. Plaintiff

3

further alleges that when she confronted Mr. Rashid about the calls, he stated that he hired a telemarketing vendor that "went rogue." *Id*. at ¶ 43.

Plaintiff alleges that the calls are connected to the same source because the September and October calls spoofed an NPA-NXX combination (817-786, thousands block "1") assigned to MCIMetro Access Transmission Services, a defunct telephone company, and the probability of two independent actors randomly spoofing the same exact defunct block is roughly one in six million. *Id*. at ¶¶ 35-36, 38-41.

These allegations, however, fail to establish any theory of liability against Humana under the TCPA.

## V.    **LEGAL STANDARD**

A complaint that "fail[s] to state a claim upon which relief can be granted" is subject to dismissal under Rule 12(b)(6). Under this rule, a complaint should be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

4

"When considering a Rule 12(b)(6) motion, courts accept as true the allegations in the complaint and its attachments, as well as reasonable inferences construed in the light most favorable to the plaintiffs." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citation omitted). The Third Circuit has made it clear that "[a]fter *Iqbal,* it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…" (internal citations omitted)). To survive a motion to dismiss, a civil complaint must contain "sufficient factual matter" to state a claim that is facially plausible. *Fowler*, 578 F.3d at 210. Facial plausibility exists when the pleaded facts allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Together, *Iqbal* and *Twombly* establish that a plaintiff's allegations must cross the line from merely possible to plausible. *Fowler*, 578 F.3d at 210 (citations omitted); *see also Iqbal*, 556 U.S. at 678–80; *Twombly*, 550 U.S. at 555.

Additionally, although a district court may not consider matters extraneous to the pleadings when ruling on a motion to dismiss pursuant to Rule 12(b)(6), "a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *U.S. Express Lines Ltd.*, 281 F.3d at 388 (citation omitted) (emphasis added in original).

## VI.    ARGUMENT—PLAINTIFF FAILS TO PLAUSIBLY ALLEGE ANY VALID CLAIM UNDER THE TCPA.

### A. Plaintiff Fails To Allege Sufficient Facts That Humana Is Directly Or Vicariously Liable For The At-Issue Calls.

For a person to "make" a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call. *Dobkin v. Enter. Fin. Grp., Inc.*, No. 2:14-CV-01989 WHW, 2014 WL 4354070, at *3 (D.N.J. Sept. 3, 2014) (noting that a defendant can be held either directly or vicariously liable for a call). A party can be vicariously liable for TCPA violations by a third-party telemarketer under federal common law agency principles, based on one of three theories: 1) actual authority, 2) apparent authority, or 3) ratification. *Klein v. Just Energy Grp., Inc.*, No. CV 14-1050, 2016 WL 3539137, at *9 (W.D. Pa. June 29, 2016). Here, Plaintiff fails to plausibly allege that Humana is either directly or vicariously liable for the at-issue calls.

### 1. Plaintiff Fails to Plausibly Allege Humana Directly Made the Calls at Issue.

Under the TCPA, direct liability is established only if a plaintiff can show that the defendant "initiated" the telemarketing call. *Doyle v. GoHealth, LLC*, No. CV 22-04291, 2023 WL 3984951, at *4 (D.N.J. Mar. 30, 2023) (finding that the plaintiff's complaint failed to sufficiently allege that the defendant held responsibility for the alleged call). A person or entity "initiates" a call when it takes the necessary steps to physically place the call. *Dobkin*, 2014 WL 4354070, at *3 (quoting *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois, N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574, 6582–83 (2013)). The FCC has even drawn a clear line between a call made by a seller and a call made by a telemarketer on the seller's behalf. *In re DISH Network, LLC*, 28 F.C.C. Rcd. at 6583.

Applying this distinction, the court in *Landy v. Nat. Power Sources, LLC*, dismissed a direct liability claim at the pleading stage because the complaint failed to allege that the defendant placed the initial call. *Landy v. Nat. Power Sources, LLC*, No. 3:21-CV-00425, 2021 WL 3634162 (D.N.J. Aug. 17, 2021). Instead, the plaintiff only alleged that he was later transferred to the defendant. *Id.* at *3. And direct liability cannot be plausibly alleged against an entity that merely receives a

transferred call. *Id.* "[Direct] liability is imposed on the party that places the call or text." *Id.* (citing *Klein*, 2016 WL 3539137, at *8).

Similarly, in this case, Plaintiff does not allege that Humana placed the initial calls. Instead, the Complaint alleges that the calls were made by a "call center hired by the Defendant's life insurance agent" and that Plaintiff was only later "transferred to Hassan Rashid." Compl. at ¶¶ 32, 42. By Plaintiff's own admission, a third-party "telemarketing vendor" dialed her number. *Id*. at ¶¶ 32, 42-43. Because the facts alleged demonstrate that Humana did not physically place or "initiate" the calls, direct liability under the TCPA cannot attach.

Just as in *Landy*, where the court dismissed the claim against a non-calling party, Humana cannot be held directly liable for calls it did not place. Absent plausible allegations of direct liability, Plaintiff must rely on a theory of vicarious liability. As demonstrated below, this alternative theory is equally deficient.

### 2. Plaintiff Fails to Plausibly Allege That Humana is Vicariously Liable for the Calls at Issue.

Courts in the Third Circuit have recognized that a party may be held vicariously liable for the TCPA violations of third-party callers under certain circumstances. *See Doyle v. Matrix Warranty Sols., Inc.*, 679 F. Supp. 3d 42, 45 (D.N.J. 2023) (recognizing agency liability under the TCPA); *Klein*, 2016 WL 3539137 at *9 (same). A party can be vicariously liable for TCPA violations by a third-party telemarketer under federal common law agency principles, based on one

8

of three theories: 1) actual authority, 2) apparent authority, or 3) ratification. *Klein*, 2016 WL 3539137 at *9.

Here, Plaintiff's Complaint fails to allege sufficient facts to support an agency relationship under any of these theories.

### i. Plaintiff Fails to Plausibly Allege Actual Authority Because There Are No Factual Allegations that Humana Directed or Controlled the Third-Party Vendor.

Actual authority may exist when the principal controls and directs the conduct of its agent. Thus, "[a]n agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 120 (3d Cir. 2013) (internal citations omitted). "An agent acts with actual authority when, at the time of taking action that has legal consequences [], the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." *Id*. (quoting *Restatement (Third) of Agency* § 2.01 (2006)). Therefore, "[a] plaintiff sufficiently pleads actual authority when the allegations establish that the defendant consented to or directed the agent to act on its behalf." *Landy*, 2021 WL 3634162, at *3.

In *Landy*, the court found that the plaintiff failed to allege sufficient facts to establish an actual authority relationship between the defendant and the initial caller because there were no facts showing that the defendant had "directed or consented

9

to solicitation via [the telemarketer]." *Landy*, 2021 WL 3634162, at *3-4. The plaintiff argued that the telemarketer was acting under the defendant's direction simply because the call was transferred to the defendant. *Id*. However, the court rejected this argument, finding that the plaintiff did not provide facts to support the claim that the defendant authorized, directed, or was even aware of the initial caller's conduct. *Id*.

Similarly, here, the Complaint lacks any factual allegations that Humana directed or controlled the initial callers. In fact, Plaintiff's own allegations defeat an inference of actual authority. First, just as in *Landy*, Plaintiff merely alleges she was "transferred" to a Humana agent during the final call. Compl. at ¶ 42. Second, Plaintiff pleads that the initial calls were made by a "call center hired by the Defendant's life insurance agent," rather than by Humana itself. *Id*. at ¶ 32. Third, Plaintiff undercuts any theory of Humana's control by alleging she was told the agent hired a telemarketing vendor that "went rogue." *Id*. at ¶ 43. A rogue vendor, by definition, is acting outside of any directed authority or control.

Aside from the conclusory assertion that the call center was hired "as permitted by Humana," the Complaint is devoid of any factual allegations demonstrating that Humana consented to, directed, supervised, or controlled the day-to-day telemarketing activities of the "Medicare Help Centre" or "Zack." *Id*. at ¶ 32. Because Plaintiff relies on a mere transfer and conclusory labels while

10

simultaneously admitting the vendor "went rogue," she has failed to plausibly allege actual authority.

### ii. Plaintiff Does Not Plausibly Allege Apparent Authority Because No Facts Support the Conclusion that Humana Held Out the Initial Caller as Its Agent.

Apparent authority exists when "'a principal causes persons with whom the agent deals to reasonably believe that the agent has authority' despite the absence of an actual agency relationship." *Am. Tel. & Tel. Co. v. Winback and Conserve Program*, 42 F.3d 1421, 1439 (3d Cir.1994) (quoting *Barticheck v. Fidelity Union Bank/First Nat'l State*, 680 F.Supp. 144, 148–49 (D.N.J.1988)). "The 'crucial question in ascertaining whether apparent authority has been created is whether the principal has made representations concerning the agent's authority to the third party.'" *Covington v. Continental General Tire, Inc.*, 381 F.3d 216, 220 (3d Cir. 2004) (emphasis in original) (quoting *Farris v. JC Penney Co., Inc.,* 176 F.3d 706, 711-12 (3d Cir. 1999)).

"Illustrative examples" of evidence that can support apparent authority giving rise to vicarious liability include, when: 1) the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information"; (2) "[t]he ability by the outside sales entity to enter consumer information into the

11

seller's sales or customer systems"; (3) "the authority to use the seller's trade name, trademark and service mark"; and (4) "the seller approved, wrote, or reviewed the outside entity's telemarketing scripts." *Klein*, 2016 WL 3539137, at *11 (citing *In re Dish Network, LLC*, 28 F.C.C. Rcd. at 6588).

Here, the Complaint is devoid of any allegations that Humana allowed the "call center" or "telemarketing vendor" access to any information or systems within Humana's exclusive control, or that Humana approved or reviewed the vendor's telemarketing scripts. Compl. at ¶¶ 32, 43. Plaintiff also does not allege that the vendor had the authority to use Humana's trade name or service mark. Instead, Plaintiff alleges that the initial callers held themselves out as representing an "illegally and fictitiously named 'Medicare Help Centre.'" *Id*. at ¶¶ 33, 37.

Plaintiff makes no attempt to allege specific factual content establishing that Humana made any representations to her regarding the vendor's authority. To the contrary, Plaintiff's own Complaint undercuts her agency theory. Plaintiff alleges that the explanation provided for the calls was that the agent "hired a telemarketing vendor that allegedly 'went rogue.'" *Id*. at ¶ 43.

In sum, Plaintiff's allegations regarding a "rogue" vendor operating under a fictitious name are completely insufficient to establish apparent authority.

12

### iii. Plaintiff Fails to Plausibly Allege Ratification Because the Complaint Lacks Facts Showing Humana Knew, or Should Have Known, of the Illegal Calls.

"Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Landy*, 2021 WL 3634162, at *5 (citing *Restatement (Third) of Agency* § 4.01(1) (2006)). A principal can ratify an act by "manifesting assent that the act shall affect the person's legal relations" or by "conduct that justifies a reasonable assumption that the person so consents." *Id*. (citing *Restatement (Third) of Agency* § 4.01(2)).

In order to plead ratification in a TCPA case, "[a] plaintiff must plead facts that indicate the defendant consented to the initial caller making calls on the defendant's behalf." *Advanced Disposal Servs. East, Inc. v. NLRB*, 820 F.3d 592, 603 (3d Cir. 2016) (citing *Klein*, 2016 WL 3539137, at *12).

Here, Plaintiff fails to allege that Humana consented to or manifested assent for the alleged calls made by the third-party telemarketing vendor. The suggestion that participation in a call after it was transferred implies Humana's consent to the vendor's prior actions is speculative and unsupported by the alleged facts. *See Landy*, 2021 WL 3634162, at *5 ("Landy speculates that because he was eventually transferred to Suntuity and solicited to buy [] products, Suntuity must have assented to and received a benefit from the prior callers' actions. Such speculative allegations are insufficient to allege an agency relationship based on ratification."); *Klein*, 2016

13

WL 3539137, at *12 (plaintiff's arguments under a theory of ratification involved "speculation and conjecture, which are insufficient.").

Moreover, Plaintiff offers no factual allegations indicating that Humana had prior knowledge of the telemarketing vendor's conduct or that Humana knowingly accepted any benefits from the alleged calls. Plaintiff merely alleges she was "transferred" to an agent during the final call. Compl. at ¶ 42.

Additionally, Plaintiff's Complaint contradicts the elements of knowledge and assent required for ratification. Plaintiff alleges that, when confronted about the calls, "Humana provided the explanation that the agent hired a telemarketing vendor that allegedly 'went rogue.'" *Id*. ¶ 43. Far from ratifying the vendor's conduct, this allegation demonstrates an immediate disavowal of the vendor's tactics the moment the allegedly illegal nature of the calls was brought to light.

Without specific allegations demonstrating Humana's knowledge of the vendor's actions—and in light of Plaintiff's own admission that the vendor was operating "rogue"—there is no factual basis for claiming that Humana ratified the conduct. *See Advanced Disposal Servs. East, Inc.*, 820 F.3d at 603 (ratification requires knowledge of all material facts). Further, the Complaint is completely devoid of any allegations that Humana engaged in conduct justifying a reasonable assumption that it consented to the allegedly illegal acts. Compl. ¶¶ 32-43.

As such, Humana cannot be vicariously liable by ratification.

14

**B. Even Assuming Vicarious Liability for the Final Call, Plaintiff's Claims Must Be Dismissed Because She Does Not Plausibly Allege Receiving More Than One Call From Or On Behalf Of Humana.**

Even if this Court were to assume, *arguendo*, that Humana could be held vicariously liable for the October 16 call transferred to the Humana agent, Plaintiff still fails to state a claim. The TCPA requires a plaintiff to plead that she received more than one telephone solicitation call within twelve months, by or on behalf of the same entity, to trigger a private right of action under 47 U.S.C. § 227(c)(5). *See Weingrad v. Top Healthcare Options*, No. 24-CV-1351, 2024 WL 4228149, at *2 (E.D. Pa. Sept. 17, 2024) (holding a plaintiff "must plead (1) he received more than one telephone solicitation call within twelve months, (2) by or on behalf of the same entity…" in order to adequately plead a cause of action under 47 U.S.C. § 227(c)(5); dismissing the plaintiff's complaint because he only alleged that he answered a single call). Plaintiff attempts to satisfy this strict statutory threshold by alleging she received three calls, but she has only plausibly connected a single call to Humana. Compl. at ¶¶ 32-34, 36, 42.

Plaintiff's allegations demonstrate that the first two calls lack any factual nexus to Humana or its products. Specifically, Plaintiff alleges that during the first call on February 1, 2025, a caller named "Zack" dialed from a spoofed 208 area code claiming to represent the "Medicare Help Centre." *Id*. at ¶ 33. The Complaint fails to allege that Humana was ever mentioned or that a Humana product was pitched

15

during this interaction. *Id*. The second call, which allegedly occurred on September 18, 2025, from an 817 area code, was entirely missed by the Plaintiff. *Id*. at ¶ 34. Because no communication occurred, no entity was identified, and no goods or services were solicited on anyone's behalf during that second call. *Id*. It is only on the third call—the October 16 call—that Plaintiff alleges she was actually transferred to a Humana agent. *Id*. at ¶ 42.

Courts have dismissed TCPA claims where a plaintiff alleges receiving multiple calls but only answers and engages with a representative on a single call. *Gillam v. Reliance First Cap., LLC*, No. 21CV4774JMAJMW, 2023 WL 2163775, at *3 (E.D.N.Y. Feb. 22, 2023); *Weingrad*, 2024 WL 4228149 at *2. Specifically, a plaintiff's failure to allege the content of the other calls to allow the Court to reasonably infer that those other calls were solicitations on behalf of the defendant is fatal to a Section 227(c)(5) cause of action. *Gillam*, 2023 WL 2163775 at *3 (dismissing complaint where plaintiff only actually engaged with representative on a single call out of multiple alleged calls).

To bridge the fatal gap between the first two unconnected calls and the final call, Plaintiff relies entirely on mathematical speculation. Compl. at ¶¶ 38-41. She argues that because the missed September call and the answered October call both spoofed a defunct "817-786" prefix, and because the February and October callers both used the first name "Zack," all three calls must have been made on behalf of

16

Humana. But under the federal pleading standards established in *Twombly* and *Iqbal*, a plaintiff cannot rely on such naked assertions, conjecture, or mathematically speculative leaps to state a claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Asserting that a missed call and a call that never mentioned Humana were actually Humana solicitations simply because of a shared prefix and a common alias is the exact type of conclusory pleading *Twombly* and *Iqbal* prohibit.

Stripped of impermissible speculation, the Complaint alleges, at most, a single phone call on October 16, 2025, that resulted in a transfer to a Humana agent. Compl. at ¶¶ 36, 42. Even assuming, *arguendo*, that Humana could be held vicariously liable for this final interaction, "one answered call does not make a federal case." *Weingrad*, 2024 WL 4228149 at *1. Because a single call is not sufficient to state a claim under 47 U.S.C. § 227(c)(5), Plaintiff's claims must be dismissed.

### C. Count III Must Be Dismissed Because Plaintiff Fails To Plausibly Allege That Humana Has Failed To Implement The Policies And Procedures Prescribed By 47 C.F.R. § 64.1200(d).

Under 47 C.F.R. § 64.1200(d), the TCPA does not impose strict liability simply because a consumer receives a call after requesting not to be called. Rather, the regulation dictates that no entity may initiate telemarketing calls unless it has instituted certain minimum procedures, such as maintaining a written internal DNC policy, training personnel on that policy, and recording requests. *See* 47 C.F.R. § 64.1200(d). To state a claim under this section, a plaintiff must plead specific facts

17

demonstrating that the defendant failed to institute or maintain the minimum required procedures. *See Barr v. Macys.com, LLC*, No. 1:22-CV-07867 (ALC), 2023 WL 6393480, at \*6 (S.D.N.Y. Sept. 29, 2023) (dismissing the plaintiff's 47 C.F.R. § 64.1200(d) claim because he only provided a conclusory allegation that the defendant failed to implement the required procedures and that the fact he received a call after a DNC request was insufficient); *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 139 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017) ("[I]n order to prove a subsection (d)(3) violation, a plaintiff cannot rely solely on the fact that a provider failed to record or honor an individual's request to be placed on a DNC list. [] Rather, the plaintiff must establish that the calls he or she received were initiated prior to the implementation of proper procedures. The existence of a single failure to record and honor an individual's request to be placed on a DNC list can be evidence of a failure to implement proper procedure…but it cannot be the sole basis of a section (d)(3) violation.") (internal citation omitted); *Nece v. Quicken Loans, Inc.*, No. 8:16-CV-2605-T-23CPT, 2018 WL 1326885, at \*8 (M.D. Fla. Mar. 15, 2018) ("An isolated failure to timely record a do-not-call request establishes no genuine dispute whether Quicken called Nece before instituting a sufficient do-not-call policy.") (citation omitted); *Buja v. Novation Capital, LLC*, No. 15-81002-CIV, 2017 WL 10398957, at \*4 (S.D. Fla. Mar. 31, 2017) ("[I]n order to prove a subsection (d)(3) violation, a plaintiff cannot rely solely on the fact that a provider

18

failed to record or honor an individual's request to be placed on a DNC list. Rather, the plaintiff must establish that the calls he or she received were initiated prior to the implementation of proper procedures.") (citation omitted).

Plaintiff merely alleges that she asked "Zack" to stop calling during the February 1 call and subsequently received another call in October (not from Humana). Compl. at ¶¶ 33, 36, 37. Plaintiff alleges absolutely no facts suggesting that Humana itself lacks a written policy, fails to train its actual employees, or otherwise systemically violates the procedural mandates of § 64.1200(d). Further, because Plaintiff alleges that "Zack" was calling from a third-party "call center" while representing an "illegally and fictitiously named 'Medicare Help Centre,'" a do-not-call request made to him does not equate to a lack of or breakdown in Humana's corporate policies. *Id*. at ¶¶ 32, 33.

Thus, because Plaintiff offers nothing beyond a formulaic, boilerplate recitation of the elements of a § 64.1200(d) claim without supporting factual allegations attacking Humana's actual policies, Count III should be dismissed.

## VII.  <u>CONCLUSION</u>

For the foregoing reasons, Humana respectfully requests the Court grant its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:        May 19, 2026

19

20

/s/ V. Amanda Witts
V. Amanda Witts
Mitchell Sandler PLLC
2020 K Street NW, Suite 760
Washington, DC 20006
Tel: 202.886.5267
v.awitts@mitchellsandler.com

*Attorneys for the Defendant, Humana Inc.*

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMIT

Pursuant to Local Rule 7.8(b)(2), I hereby certify that this brief complies with the type-volume limitation set forth by the Local Rules of this Court. Excluding the parts of the brief exempted by the Local Rules (such as table of contents, table of authorities, and exhibits), this brief contains 4,550 words as counted by the word-processing system used to prepare this brief.

Dated:      May 19, 2026                                    */s/ V. Amanda Witts*
                                                            V. Amanda Witts

21

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1, the undersigned counsel for Defendant Humana

Inc. certifies that it met and conferred with counsel for Plaintiff, Kelly Bland on May

19, 2026 in good faith prior to the filing of this Motion to Dismiss.

Dated:      May 19, 2026                                  */s/ V. Amanda Witts*
                                                            V. Amanda Witts

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2026, a copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Middle District of Pennsylvania via the CM/ECF system and to all counsel of record via the CM/ECF system.

/s/ V. Amanda Witts
V. Amanda Witts

23