**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KELLY BLAND, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | Case No. 1:26-CV-00659-KM |
| *v.* | HON. KAROLINE MEHALCHICK |
| HUMANA INC. | |
| *Defendant.* | |

**DEFENDANT HUMANA INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO BIFURCATE DISCOVERY**

Defendant Humana Inc. ("Humana"), by and through its undersigned counsel, respectfully moves this Court for entry of an order phasing discovery in this matter pursuant to Federal Rule of Civil Procedure 42(b). As set forth below, in order to effectively manage this litigation, conserve party and judicial resources, and resolve factual disputes as to the merits of Plaintiff Kelly Bland's ("Plaintiff") individual claims, discovery should be conducted in three separate phases: (1) discovery into Plaintiff's individual claims, (2) discovery into the appropriateness of class certification if Plaintiff's claims proceed, and (3) if a class is ultimately certified, merits discovery for the class.

1

## I.    <u>INTRODUCTION</u>

Humana respectfully proposes a phased approach to discovery in light of the unique circumstances of this lawsuit. In the initial phase, discovery will be narrowly tailored to determine whether Plaintiff possesses a valid individual claim against Humana. If warranted, the second phase would address broader issues of commonality to evaluate the potential for class certification. A third and final phase—only if necessary—would allow for the exploration of the individual merits of each certified class member's claims. This structured approach ensures efficiency, focus, and fairness in the discovery process.

Good cause supports phasing discovery in this manner as it allows the Court to address the merits of Plaintiff's individual claims at the outset, potentially avoiding the unnecessary burden of class discovery if those claims are meritless. This approach is particularly critical in Telephone Consumer Protection Act ("TCPA") cases, where plaintiffs frequently—improperly and unnecessarily— demand vast amounts of private consumer data for individuals who are not class members at the precertification stage. Such expansive discovery imposes significant costs on TCPA defendants and creates a tangible risk to consumer privacy, exposing private information without notice or justification. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful

scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs).

Here, good cause supports phasing discovery in this manner. Plaintiff's own complaint reveals significant threshold questions about her individual claims including whether Humana bears any liability for calls allegedly placed by a vendor that allegedly "went rogue." Complaint ("Compl.") at ¶ 43. That could dispose of this case before any class discovery is needed. Proceeding with broad class discovery before these threshold issues are resolved would impose substantial and potentially unnecessary costs on Humana and would risk exposing private consumer information belonging to individuals who are not parties to this suit and who may have no valid claim. Such unwarranted intrusions are both unnecessary and avoidable with a phased approach.

Additionally, due process mandates that Humana be afforded the opportunity to conduct discovery tailored to the actual claims asserted by members of any final certified class. The Federal Rules of Civil Procedure governing class certification underscores the importance of resolving certification issues as early as practicable to uphold due process principles. *See* Fed. R. Civ. P. 23. Phased discovery ensures compliance with these rules, protects consumer privacy, and avoids imposing unnecessary costs and burdens until the viability of Plaintiff's claims is established.

Accordingly, Humana submits that good cause exists to phase discovery, which will avoid burdensome class discovery if Plaintiff's claims prove meritless and expedite the decision on class certification in accord with Federal Rule of Civil Procedure 23.

## II.    PROCEDURAL STATEMENT

On or about March 16, 2026, Plaintiff filed the instant action asserting claims against Humana alleging violations of the Telephone Consumer Protection Action. Dkt. 1.

## III.    STATEMENT OF QUESTIONS INVOLVED

1.    Whether the Court should bifurcate discovery where doing so would serve the interests of judicial economy?

2.    If Plaintiff's individual claims proceed, whether the Court should phase class certification from discovery where it would permit the Court to determine the propriety of class certification early?

## IV.    LEGAL STANDARD

"Motions to bifurcate are governed by Federal Rule of Civil Procedure 42, which provides, in relevant part, that '[f]or convenience, to avoid prejudice, or to expedite and economize, the [C]ourt may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.'" *Clarity Sports Int'l LLC v. Redland Sports*, 400 F. Supp. 3d 161, 184 (M.D. Pa. 2019)

(quoting Fed. R. Civ. P. 42(b)); *see also Loreaux v. ACB Receivables Mgmt., Inc.*, No. 14-cv-710, 2015 WL 5032052, at *3-4 (D.N.J. Aug. 25, 2015) (discussing the bifurcation of discovery under Rule 42(b)).

"The decision to bifurcate, and the manner in which bifurcation should be ordered, is left to the trial court's informed discretion and must be decided on a case by case basis." *Hartley-Culp v. Credit Mgmt. Co.*, No. 14-282, 2014 WL 4630852, at *3 (citing *Idzojtic v. Pa. R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972)). In exercising its discretion, the court "must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources." *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984).

However, bifurcation "remains the exception rather than the rule." *Innovative Office Prods., Inc. v. Spaceco, Inc.*, No. 05-4037, 2006 WL 1340865, at *1 (E.D. Pa. May 15, 2006) (citations omitted). Courts "do not routinely grant motions to bifurcate discovery, unless there is some showing on the part of the moving party as to why bifurcation is appropriate." *Cephalon, Inc. v. Sun Pharm., Ltd.*, No. 11-5474, 2013 WL 3417416, at *3 (D.N.J. July 8, 2013) (citations omitted). "The moving party bears the burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties." *See Innovative Office Prods., Inc.*, 2006 WL 1340865 at *1 (citation omitted).

"The Third Circuit has not set a bright line test as to when a court should

bifurcate discovery in class action litigation. Generally, however, courts allow classwide discovery on the certification issue and postpone classwide discovery on the merits of the claims when bifurcation serves the interests of 'fairness and efficiency.'" *In re Plastics Additives Antitrust Litig.*, No. CIV.A. 03-2038, 2004 WL 2743591, at *2 (E.D. Pa. Nov. 29, 2004) (citations omitted).

## V.    **ARGUMENT**

**A.    Phasing Individual Merits Discovery Will Serve the Interests of Judicial Economy Because If Plaintiff's Claims Fail, Then Far More Resource-Intensive Discovery On The Merits Of The Proposed Class Claims Can Be Avoided.**

Phasing individual merits discovery is in the best interests of the Court and the parties, as it serves judicial economy in potentially resolving an unmeritorious class action at the individual stage. Thus, district courts properly exercise their discretion to phase discovery when a threshold issue might be dispositive of the plaintiff's claims such that limiting discovery to that issue would conserve the parties' and the court's resources. *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.,* No. CIV.A. 12-2132 FLW, 2014 WL 413534, *6 (D.N.J. Feb. 4, 2014) ("[T]he Court finds that bifurcating discovery into two phases will promote the efficient resolution of this matter. It will allow the Court to address a narrow, potentially dispositive issue in a timely and cost effective manner with no significant prejudice to Plaintiff."); *Drennan v. Md. Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005) ("Bifurcation is particularly appropriate when resolution of a single claim or issue

could be dispositive of the entire case") (citation omitted); *Karpenski v. Am. Gen. Life Companies, LLC*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012) (granting motion to bifurcate where resolution of claim will be "dispositive of the entire case").

Moreover, if the initial phase of discovery demonstrates that the named plaintiff's claims fail or that the plaintiff is otherwise not an adequate class representative, then the far more resource-intensive discovery on the merits of the purported class claims can be avoided. In *Katz v. Liberty Power Corp.,* for example, the court bifurcated individual merits and class discovery in a TCPA class action because "the need for class discovery may be eliminated if [the defendant] is able to demonstrate that all of the named Plaintiffs lack viable individual claims." *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2019 WL 957129, at *6 (D. Mass. Feb. 27, 2019). "[C] lass discovery is not necessary to address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims..." *Id*.; *see also Gottlieb v. Amica Mut. Ins. Co*., No. CV 20-10509-DJC, 2021 WL 1839602, at *2 (D. Mass. May 7, 2021) (granting request to bifurcate and delay class discovery pending resolution of defendant's motion for summary judgment); *Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG (RNBX), 2009 WL10674767, at *1 (C.D. Cal. Nov. 2, 2009) ("The Court has authority to bifurcate this case so that discovery and dispositive motions on Plaintiff's individual claims take place before submerging the parties in an ocean of class discovery."); *Am. 's*

*Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16 C 9281, 2018 WL 3474444, at *6 (N.D. Ill. July 19, 2018) (bifurcating discovery "where some limited, first-stage production could shave off substantial wasted efforts"); *Kemen v. Cincinnati Bell Telephone Company LLC*, No. 1:22-CV-152, 2024 WL 3633333, at *2-3 (S.D. Ohio Aug. 2, 2024) (finding that bifurcation of discovery was appropriate due to the need to resolve key threshold issues before delving into broader, more extensive class-based discovery).

Here, the foundational questions requiring immediate resolution are potentially case-dispositive. As detailed in Humana's pending Motion to Dismiss, Plaintiff's individual claims suffer from fatal defects. The Court must first determine whether Humana can even be held vicariously liable for the calls of a third-party vendor that Plaintiff admits went "rogue." Compl. at ¶ 43. Furthermore, the Court must determine whether Plaintiff actually received more than one actionable call on behalf of Humana, which is a strict statutory prerequisite to state a claim under 47 U.S.C. § 227(c)(5). If Humana is not legally responsible for the calls, or if Plaintiff fails to meet the statutory two-call threshold, Plaintiff's individual claims fail as a matter of law. Consequently, she would lack standing to represent any putative class.

Humana will be severely prejudiced if forced to engage in classwide discovery prior to, or alongside, individual discovery. Subjecting Humana to the massive expense and burden of class discovery is unjustified—and an unnecessary drain on

resources—when Plaintiff's individual claims lack merit and are highly likely to be dismissed. *See Katz*, 2019 WL 957129 at *1 ("Controlling the scope of discovery is particularly appropriate where discovery will impose considerable expense and the claims may be resolved on issues that require only limited or targeted discovery.") (citations omitted). Phasing discovery would ensure that neither this Court nor the parties expend unnecessary time or resources on a claim that has no grounds to proceed as a class action.

Also, as set forth more fully in Humana's Motion to Strike, Plaintiff's proposed classes are facially uncertifiable. The class definitions are overly broad. The National DNC Class is overly broad because it encompasses individuals who consented to receive calls and had established business relationships with Humana. The classes further lack commonality and depend on impermissible merits-based criteria, such as determining whether a given call qualifies as "telemarketing." As such, the resolution of Humana's threshold motions may dispose of or substantially narrow Plaintiff's or the putative class members' claims. Commencing class discovery before these facially uncertifiable classes are narrowed (or even eliminated) would be an altogether unproductive and pointless exercise. Humana therefore requests that discovery be phased, and the merits of Plaintiff's individual claims be resolved first before engaging the parties and this Court in unnecessary class discovery.

**B.     If Plaintiff's Individual Claims Proceed, The Court Should Phase Class Certification Discovery from Class Merits Discovery Because It Would Permit the Court to Determine the Propriety of Class Certification Early.**

In the unlikely event that Plaintiff's individual claims proceed, Humana respectfully requests that this Court further phase class certification discovery from class merits discovery, such that class merits discovery only occurs if a class is certified (which it cannot be in this case). Courts regularly phase class certification and merits discovery in similar cases, recognizing that "class certification discovery should be straightforward and distinguishable from merits discovery." *Horton v. Sw. Med. Consulting, LLC*, No. 17-CV-0266-CVE-MJX, 2017 WL 5075928, at *1 (N.D. Okla. Aug. 14, 2017); *see also Harris v. Option One Mortg. Corp.*, 261 F.R.D. 98, 111 (D.S.C. 2009) (granting motion to bifurcate discovery finding that it proceeds "in such fashion will promote the interests of fairness and efficiency"); *Nazario v. Sharinn & Lipshie, P.C.*, No. 219CV04604SDWSCM, 2020 WL 205896, at *1 (D.N.J. Jan. 14, 2020) ("Courts generally postpone class-wide discovery on the merits of the claims when bifurcation serves the interests of fairness and efficiency") (citations omitted).

In deciding whether to stay class merits discovery until after certification discovery has been completed, "the court considers (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable

10

time,' (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021).

Here, if discovery is bifurcated in this manner, the Court will undoubtedly be in a superior position to make an early determination on the propriety of class certification as required by Federal Rule of Civil Procedure 23. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992) (noting that "courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits" in order to "make early class determination practicable and to best serve the ends of fairness and efficiency"). Additionally, "[p]roceeding with merits discovery, which may well involve the review of millions of documents not directly relevant to the issues of class certification, may delay the parties' submission of supplemental briefing on the class certification issue, [ and a]ny delay would frustrate the court's effort to certify the action as a class action '[a]t an early practicable time,' as is mandated by Rule 23(c)(1)(A)." *Harris v. comScore, Inc.*, No. 11 CV 5807, 2012 WL 686709, *3 (N.D. Ill. Mar. 2, 2012) (alterations in original).

Similarly, economy favors bifurcation of certification and merits discovery, "as the limited statutory damages available to Plaintiffs are likely an insufficient motivation to litigate in the absence of class certification." *Id*. Thus, should the Court

deny class certification, Plaintiff would have little incentive to continue the pending litigation. Finally, class certification and class merits discovery can be severed from one another without posing an undue burden on the parties or this Court.

To be absolutely clear, certification discovery would include all evidence necessary for Plaintiff to prove the requirements of Rule 23 can be shown. But, it would not include evidence related to the merits of individual class members. Thus, for instance, Plaintiff could inquire regarding Humana's TCPA compliance practices and internal policies. However, she would not be permitted to obtain a list of all individuals who may have requested that calls cease. This is so because, prior to certification, these individuals are not yet parties to the case. Only if the case is certified and all parties know exactly what the contours of the final class definition might be, the confidential records of individual class members might be safely identified, produced, and analyzed ahead of trial.

Accordingly, good cause exists to phase class certification versus class merits discovery (if the class is certified), as doing so will compel Plaintiff to swiftly seek certification as Rule 23 contemplates, and limit discovery to issues pertinent to the certification effort—reserving class merits discovery until and only if a class is certified.

## VI.   **CONCLUSION**

For the foregoing reasons, Humana respectfully requests the Court to enter

an order phasing discovery in this matter.

Dated: May 19, 2026

/s/ V. Amanda Witts
V. Amanda Witts
Mitchell Sandler PLLC
2020 K Street NW
Suite 760
Washington, DC 20006
Tel: 202.886.5267
v.awitts@mitchellsandler.com

*Attorneys for the Defendant, Humana Inc.*

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule 7.1, the undersigned counsel for Defendant Humana Inc. certifies that it met and conferred with counsel for Plaintiff, Kelly Bland on May 19, 2026 in good faith prior to the filing of this Motion to Bifurcate Discovery.

Dated:      May 19, 2026                    _/s/ V. Amanda Witts_
                                            V. Amanda Witts

15

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2026, a copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Middle District of Pennsylvania via the CM/ECF system and to all counsel of record via the CM/ECF system.

/s/ V. Amanda Witts
V. Amanda Witts