IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KELLY BLAND, individually and on behalf of all others similarly situated,

    *Plaintiff,*

*v.*

HUMANA, INC.

    *Defendant.*

Case No. 1:26-cv-00659-KM

HON. KAROLINE MEHALCHICK

**DEFENDANT HUMANA, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**

Defendant Humana, Inc. ("Humana"), by and through its undersigned counsel, hereby moves this Honorable Court to stay discovery pending the outcome of Humana's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Motion to Strike Class Allegations, and Motion to Bifurcate Discovery (collectively the "Pending Motions").

## I.    INTRODUCTION

Where, as here, a plaintiff's Complaint is riddled with fundamental threshold defects and subject to dismissal, striking, or substantial narrowing at the threshold stage, this Court should exercise its broad discretion to stay discovery. Plaintiff Kelly Bland's ("Plaintiff") Complaint alleges that Humana violated the Telephone

1

Consumer Protection Act ("TCPA"). However, Humana has filed three threshold motions, any one of which may entirely dispose of or drastically alter the trajectory of this litigation, making discovery at this stage an unjustified waste of the parties' and the Court's resources.[1]

First, the Complaint fails to state a claim as a matter of law. Humana's Rule 12(b)(6) motion establishes that Plaintiff cannot satisfy the TCPA's threshold "more than one telephone solicitation" requirement under 47 U.S.C. § 227(c)(5). By Plaintiff's own allegations, only one of the three calls at issue—the October 16, 2025 call—actually resulted in a transfer to a Humana agent. Compl. ¶¶ 33–37. The February 1, 2025 call never mentioned Humana, and the September 18, 2025 call was missed entirely. Compl. ¶¶ 33–34. A single call is legally insufficient to trigger a private right of action under § 227(c)(5). Furthermore, Plaintiff failed to plead that she personally registered her telephone number on the National DNC Registry as

---

[1] Plaintiff is a serial TCPA litigant with at least twelve other TCPA actions currently pending in federal courts across the country. *See, e.g., Bland v. Roman Fin. Group, LLC*, No. 1:26-cv-20692 (S.D. Fla.); *Bland v. Americas Health Care/RX Plan Agency, Inc.*, No. 1:25-cv-14183 (N.D. Ill.); *Bland v. LegalPulse Hub Inc.*, No. 2:26-cv-01144 (E.D. Pa.); *Bland v. Sago*, No. 2:25-cv-14869 (D.N.J.); *Bland v. Thryv Inc*, No. 3:26-cv-01438 (N.D. Tex.); *Bland v. InVida Fin. Network LLC*, No. 3:26-cv-00259 (N.D. Tex.); *Bland v. Medvi, LLC*, No. 2:26-cv-04323 (C.D. Cal.); *Bland v. Berwick Ins. Group LLC*, No. 4:25-cv-00364 (D. Ariz.); *Bland v. Clearone Advantage LLC*, No. 1:26-cv-01375 (D. Md.); *Bland et al v. Quintessa LLC*, No. 5:25-cv-01428 (W.D. Okla.). A short stay to resolve the threshold legal issues will not unfairly prejudice Plaintiff, as she is actively pursuing her claims in multiple forums.

required under 47 C.F.R. § 64.1200(c)(2). *Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at \*2 (N.D. Iowa June 9, 2022). Additionally, Plaintiff fails to allege any plausible theory of vicarious liability—indeed, Plaintiff's own Complaint admits that when she confronted Humana about the calls, she was told the agent hired a vendor who "went rogue." Compl. ¶ 43. These are pleading defects that can be resolved on the face of the Complaint. Discovery cannot supply allegations Plaintiff did not plead.

Second, even if any individual claim were to survive, Plaintiff's three proposed class definitions—National DNC, Telemarketing Caller ID, and Internal DNC—are fatally overbroad, rely on impermissible merits-based criteria, and are facially uncertifiable as a matter of law, requiring them to be stricken. If Humana's Motion to Strike is granted, the need for classwide discovery will be eliminated entirely. At a minimum, that Motion will materially narrow the scope of any discovery that may proceed.

Third, even if Plaintiff's claims survive these initial hurdles, which they should not, and her class definitions are sustained, good cause exists to phase discovery into three stages: (1) Plaintiff's individual claims, (2) class certification issues if Plaintiff's individual claims proceed, and (3) class merits discovery if a class is ultimately certified. Humana's Motion to Bifurcate Discovery demonstrates that Plaintiff's individual claims raise threshold factual questions—including

whether calls were made "by or on behalf of" Humana—that should be resolved before the parties and the Court invest resources in class-wide discovery. Thus, even if discovery ultimately proceeds, it should not proceed on a classwide basis before the Court resolves Humana's threshold motions.

Consequently, good cause exists to stay discovery. Proceeding with burdensome, expensive class-wide TCPA discovery now—when the entire Complaint is likely to be dismissed on the pleadings or stripped of its class allegations—would severely prejudice Humana and waste judicial resources. Conversely, a stay will not prejudice Plaintiff, as this case is in its absolute infancy with no answer filed and no discovery exchanged. To protect the parties and the Court from the substantial expense of potentially moot discovery, Humana respectfully requests that all discovery and pretrial deadlines be stayed pending the disposition of these threshold motions. Discovery should not proceed before the Court determines whether Plaintiff has stated any viable individual claim, whether any class allegations remain, and whether discovery should be phased at all.

## II.    **PROCEDURAL STATEMENT**

On or about March 16, 2026, Plaintiff filed the instant action asserting claims against Humana alleging violations of the Telephone Consumer Protection Action. Dkt. 1.

Case 1:26-cv-00659-KM   Document 15   Filed 05/20/26   Page 5 of 18

## III.   STATEMENT OF QUESTIONS INVOLVED

1.      Whether the Court should stay discovery pending resolution of dispositive motions that may resolve this case in its entirety?

2.      Whether the Court should stay discovery pending resolution of the motions where proceeding with discovery would impose significant burden on the parties and the Court?

## IV.   LEGAL STANDARD

"District courts retain broad discretion to manage the docket and resolve discovery disputes." *Elfar v. Twp. of Holmdel*, No. 24-1353, 2025 WL 671112, at *5 (3d Cir. Mar. 3, 2025) (finding that the district court acted within its discretion when it stayed discovery pending dispositive motions in order to conserve judicial resources). Federal Rule of Civil Procedure 26(c) provides that the court may stay discovery only on a showing of "good cause" by the party requesting the stay. Fed. R. Civ. P. 26(c)(1); *see also Perelman v. Perelman*, No. 10-5622, 2011 WL 3330376, at *1 (E.D. Pa. Aug. 3, 2011) ("The burden is on the party seeking the stay [of discovery] to show 'good cause.'"). The Supreme Court has clarified that deciding whether to stay proceedings requires weighing competing interests and balancing of hardships with respect to the movant and non-movant. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *see also Gold v. Johns-Manville Sales Corp.*,

5

723 F.2d 1068, 1076 (3d Cir. 1983) (balancing the potential hardship with respect to both parties).

A stay of discovery has been found to be proper in this jurisdiction where there is a "likelihood that [the pending] motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay." *Perelman*, 2011 WL 3330376, at *1 (quoting *Weisman v. Mediq, Inc.*, Civ. A. No. 95–1831, 1995 WL 273678, at *2 (E.D. Pa. 1995)). When determining the likelihood of the motion narrowing or outright eliminating discovery, the court does not need to form an opinion on the merits of the case. *Id.* Instead, the court "consider[s] the scope of the motion and ask[s] whether it 'may potentially lead to' the end of the case, and whether it will provide the parties with 'full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur.'" *Id.* (quoting *Weisman*, 1995 WL 273678, at *2).

The court also "balance[s] the competing interests of each party to determine whether the benefits of [the] stay outweigh the likely harm to the plaintiff." *Id.* (quoting *Babalola v. Donegal Mut. Ins. Co.*, No. 1:08-CV-621, 2008 WL 5278393, at *1 (M.D. Pa. Dec. 18, 2008)). The court considers the following factors: "(1) the scope of the pending motion; (2) the breadth of the non-party discovery underway; (3) the harm and expense to which continued discovery would subject the movant or third parties; and (4) the harm that a delay in discovery would cause for the non-

6

movant." *Id.* (citing *Weisman*, 1995 WL 273678, at *2); *see also Brotherhood Mut. Ins. Co. v. First Presbyterian Church of Bethlehem*, No. 23-678, 2024 WL 7004405, at *1 (E.D. Pa. Feb. 23, 2024).

## V.   **ARGUMENT**

**A.   The Court Should Stay Discovery Until Resolution of the Pending Motions Because the Pending Motions May Potentially Dispose of the Entire Case Without Discovery.**

A stay of discovery is appropriate in this instance because the high probability that the Court's ruling on the threshold motions will either eliminate or significantly limit the need for burdensome discovery far exceeds any potential disadvantage caused by a temporary postponement. *Id.*; *see also Elfar*, 2025 WL 671112, at *5 ("[C]ourts may reasonably stay discovery pending a motion to dismiss where the motion may render discovery futile."). Although the mere pendency of a motion alone may not justify a stay, a stay may be proper "where the likelihood that such motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay." *N. Am. Commc'ns, Inc. v. InfoPrint Solutions Co., LLC*, No. 3:08-288, 2011 WL 4571727, at *2 (W.D. Pa. July 13, 2011) (quotations omitted). In determining whether a stay is warranted, this Court evaluates the scope of the pending motions and whether they may lead to the end of the case. *Perelman*, 2011 WL 3330376, at *1.

This Court has previously exercised its discretion to stay discovery pending

the resolution of a potentially dispositive motion on several occasions. *See, e.g., Pfizer Inc. v. Johnson & Johnson*, No. 17-CV-4180, 2018 WL 1071932, at \*1 (E.D. Pa. Feb. 27, 2018) (granting a motion to stay finding that the motion had "the potential to dispose of the entire case and eliminate the need for discovery"); *see also Jackson v. N. Telecom, Inc.*, No. 90-0201, 1990 WL 39311, at \*1 (E.D. Pa. Mar. 30, 1990); *U.S. ex rel. Spay v. CVS Caremark Corp.*, No. 09-4672, 2012 WL 11948492, at \*1 (E.D. Pa. July 11, 2012). This Court has likewise granted a stay under similar circumstances. *See Fernsler v. Swatara Twp. Police Dep't*, No. 1:24-CV-1253, 2024 WL 4372307, at \*2 (M.D. Pa. Oct. 2, 2024) (granting stay where discovery had "not yet begun at this early stage" and resolution of pending motions was "likely to reduce or eliminate the need for discovery"). And the Third Circuit has upheld district court decisions to stay discovery pending the outcome of such motions. *See Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (recognizing that "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where" resolution of the motion would render discovery futile); *see also Elfar*, 2025 WL 671112, at \*5.

Indeed, courts across circuits have held that a pending dispositive motion constitutes "good cause" to stay discovery. *See Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("[A] trial court has broad discretion and inherent power to stay discovery until

preliminary questions that may dispose of the case are determined."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (a stay of discovery pending decision on a dispositive motion that would fully resolve the case is a proper exercise of discretion); *Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, No. 3:17-CV-30037-MAP, 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018) ("A pending dispositive motion constitutes good cause for a stay of discovery.").

Here, the scope of the threshold motions is broad and potentially case-ending. Humana has filed three separate threshold Pending Motions, any one of which could entirely dispose of this action or fundamentally alter and narrow its scope.

First, Humana has filed a Motion to Dismiss pursuant to Rule 12(b)(6), which would dispose of the Complaint in its entirety for failure to state a claim. To state a claim under the TCPA's DNC provisions, a plaintiff must allege receipt of "more than one telephone solicitation" within a 12-month period "by or on behalf of the same entity." 47 U.S.C. § 227(c)(5). Here, by Plaintiff's own allegations, only one of the three calls at issue—the October 16, 2025 call—actually resulted in a connection to a Humana agent. Compl. ¶¶ 33–37, 42. The February 1 call never identified Humana or any Humana product, and the September 18 call was missed entirely. Compl. ¶¶ 33–34. Stripping these away leaves Plaintiff with only a single call, which is legally insufficient to trigger a private right of action. Furthermore,

Plaintiff's DNC claim fails as a matter of law because the plain language of 47 C.F.R. § 64.1200(c)(2) limits relief strictly to a subscriber who "has registered his or her telephone number" on the National DNC Registry. *Rombough*, 2022 WL 2713278, at *2. Plaintiff failed to plead that she personally registered her telephone number. Additionally, Plaintiff's own Complaint fatally undermines her vicarious liability theory—she admits that Humana told her the agent hired a vendor who "went rogue." Compl. ¶ 43. Plaintiff's Internal DNC claim (Count III) likewise fails because Plaintiff pleads no facts suggesting that Humana itself lacks a written policy, fails to train its employees, or otherwise systemically violates the procedural mandates of 47 C.F.R. § 64.1200(d). Indeed, each defect turns on the legal sufficiency of Plaintiff's own allegations, not facts that discovery could supply.

Second, Humana has filed a Motion to Strike Class Allegations that may dispose of all claims by the putative class members. All three proposed class definitions—National DNC, Telemarketing Caller ID, and Internal DNC—are fatally overbroad and lack basic Rule 23 commonality. The National DNC Class improperly sweeps in individuals who did not personally register their numbers, those who expressly consented to receive calls, and those who had an established business relationship with Humana. The Telemarketing Caller ID Class and Internal DNC Class suffer from the same deficiencies. Furthermore, all three class definitions run afoul of the rule against one-way intervention by relying on impermissible,

10

merits-based criteria (i.e., whether the call constituted "telemarketing"). Determining whether calls made by an unauthorized third-party vendor were legally made "on behalf of" Humana will require individualized, call-by-call inquiries into vicarious liability that are fundamentally incompatible with class-wide adjudication. If the class allegations are stricken, classwide discovery will be eliminated entirely.

Third, Humana has filed a Motion to Bifurcate Discovery, demonstrating that good cause exists to phase discovery into three separate stages: (1) discovery into Plaintiff's individual claims, (2) discovery into the appropriateness of class certification if Plaintiff's claims proceed, and (3) if a class is ultimately certified, merits discovery for the class. Phasing discovery will avoid burdensome class discovery if Plaintiff's claims prove meritless and expedite the decision on class certification in accordance with Fed. R. Civ. P. 23. This is especially significant in the TCPA context, where class-wide productions create substantial costs for defendants and risk exposing consumers' private data without their consent or notice. Phasing discovery is particularly appropriate here because Plaintiff's individual claims raise threshold factual questions—including whether she can attribute more than one call to Humana and whether vicarious liability attaches—that should be resolved before the parties and the Court invest resources in broad class-wide discovery. Given the fundamental deficiencies at stake here in Plaintiff's Complaint, there is good reason to believe that this case will never get past the first phase (i.e.,

that Plaintiff will never be able to state and prove a meritorious claim against Humana).

Because these motions are meritorious and may dispose of or substantially narrow Plaintiff's claims, there is substantial good cause to stay discovery. *See 19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) ("[A] stay is proper where the likelihood that [the motion to dismiss] may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay.") (quoting *Weisman*, 1995 WL 273678, at *2)); *see also Channing Bete Co., Inc. v. Greenberg*, No. 3:19-CV-30032-MGM, 2021 WL 4398510, at *2 (D. Mass. Sept. 27, 2021) ("[T]he possibility that a single claim will survive does not preclude granting a motion for a stay.") (citation omitted).

In sum, this Court should not allow burdensome TCPA class discovery to commence while three motions remain pending that, if granted, would either render discovery entirely moot or drastically alter its scope.

**B.      A Limited Stay of Discovery is Reasonable and Appropriate in this Case Because Commencement of Discovery Would Significantly Burden the Parties and the Court.**

Under the balancing test, the Court also considers the breadth of the discovery underway and the harm or expense to which continued discovery would subject the movant. *Perelman*, 2011 WL 3330376, at *1. Good cause exists for a stay here because the Pending Motions are potentially dispositive of the entire case and can

12

be decided absent any additional discovery. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."). Plaintiff is not entitled to impose classwide discovery before the Court resolves threshold challenges to the legal sufficiency of her claims and the viability of her class allegations.

The burden on a class action defendant in responding to discovery is undoubtedly large, and that burden is significantly compounded in the TCPA context. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs). In TCPA class actions, plaintiffs routinely demand the burdensome and expensive identification, collection, and production of data for every call a defendant made during the proposed class period. If discovery were to commence now, Humana would be forced to undergo the massive financial expense and time and effort associated with identifying, preserving, and producing data for three nationwide classes—potentially involving millions of records—before it is even determined if those classes are certifiable. *See Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010). Much of that discovery may become

13

unnecessary if any of the Pending Motions are granted. Forcing Humana to incur potentially enormous discovery costs while three threshold motions remain pending would result in a significant and potentially unnecessary waste of corporate and judicial resources. The burden of classwide discovery should not be imposed merely to test claims and class allegations that may not survive threshold review.

Furthermore, the final factor of the balancing test—harm to the non-movant—confirms that a stay is appropriate. Plaintiff will suffer no clear prejudice from a temporary delay because this case is in its absolute infancy. *See U.S. ex rel. Spay*, 2012 WL 11948492, at *1 n.1 (finding that the plaintiff would "suffer no clear prejudice from a temporary delay in discovery while the Court, in the ordinary course of business, disposes of the Motion to Dismiss."). This Court has similarly concluded that "a brief stay pending resolution of the dispositive motions will not prejudice the plaintiff." *Fernsler*, 2024 WL 4372307, at *2. Here, the parties have not held a Rule 26(f) conference, no discovery has been served, and no scheduling order is in place. Courts consistently recognize that "on balance, the possible prejudice to [the plaintiff] of some further delay in this litigation does not justify the costs of requiring the parties to engage in discovery at least some of which may be avoided depending on the court's ultimate rulings on the motions to dismiss." *Channing Bete*, 2021 WL 4398510, at *3. A stay would not deprive Plaintiff of discovery; it would defer discovery until the Court determines what claims, if any,

14

remain and what discovery is actually necessary.

Ultimately, it makes little sense for the parties to engage in time-consuming and expensive discovery when a ruling on any of Humana's Pending Motions could render those efforts a complete nullity. By imposing a stay, the Court ensures that if discovery eventually proceeds, the parties will have "full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur." *Weisman*, 1995 WL 273678, at *2. Because the extreme burden of class-wide discovery at this stage far outweighs the negligible harm of a brief delay, a stay is both reasonable and necessary.

At bottom, Humana's request for a stay of discovery is reasonable and appropriate under the circumstances, and granting this request will not cause any prejudice to Plaintiff. The Court should therefore stay discovery until it resolves the threshold motions that may eliminate or materially narrow the case.

## VI.    **CONCLUSION**

For the foregoing reasons, Humana respectfully requests that the Court stay discovery until the Court rules on Humana's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Motion to Strike Class Allegations, and Motion to Bifurcate Discovery.

Dated: May 19, 2026                              Respectfully submitted,

*/s/ V. Amanda Witts*
V. Amanda Witts

15

Mitchell Sandler PLLC
2020 K Street NW
Suite 760
Washington, DC 20006
Tel: 202.886.5267
v.awitts@mitchellsandler.com

*Attorneys for Defendant, Humana, Inc.*

16

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule 7.1, the undersigned counsel for Defendant Humana Inc. certifies that it met and conferred with counsel for Plaintiff, Kelly Bland on May 19, 2026 in good faith prior to the filing of this Motion to Stay Discovery.

Dated:       May 19, 2026                              */s/ V. Amanda Witts*
                                                         V. Amanda Witts

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on May 19, 2026, a copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Middle District of Pennsylvania via the CM/ECF system and to all counsel of record via the CM/ECF system.

*/s/ V. Amanda Witts*
V. Amanda Witts