# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KELLY BLAND,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>**HUMANA INC.**<br><br>*Defendant.* | Case No.<br>1:26-cv-00659<br><br>(Judge Mehalchick)<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S OPPOSITION TO THE
## MOTIONS TO STAY OR BIFURCATE DISCOVERY

### INTRODUCTION

Humana's two motions share the same objective: to postpone discovery while this case languishes. The motion to bifurcate, which in practice seeks to stay all class discovery while the parties relitigate every disputed factual issue in the case, is the primary vehicle for that delay. The motion to stay seeks the same result through a broader brush. Neither motion is warranted, and the Court should deny both, as it has done with similar motions in the past.

Humana asks the Court to "bifurcate" (in reality, trifurcate) discovery into three sequential phases: individual merits, class certification, and class merits. But what Humana calls "phased" discovery is really a stay of class discovery repackaged. Humana's proposed "threshold" issues are not narrow legal questions capable of discrete resolution. They are every disputed factual issue in the case,

1

whether Humana placed the calls, whether Plaintiff consented, whether vicarious liability attaches, and whether the calls qualify as telemarketing. These are merits disputes requiring full discovery regardless of what phase label is attached to them.

Judges in this District have consistently rejected precisely this kind of broad bifurcation. In *Bronstin v. Upstart Network, Inc.*, No. 1:25CV1410, 2026 WL 893681, at *3 (M.D. Pa. Apr. 1, 2026), Judge Munley denied phased discovery on purported threshold issues and cautioned that bifurcation invites unnecessary disputes over whether particular requests relate to "individualized discovery or class discovery." *Accord Friel v. Line 5, LLC*, No. 3:24CV1866, 2025 WL 2422617, at *8 (M.D. Pa. Aug. 21, 2025) (denying nearly identical motion to trifurcate on the basis that a "trifurcated course of discovery will lead to three rounds [of discovery.]"). And in *Hartley-Culp v. Credit Management Co.*, this Court denied bifurcation in a TCPA class action on the ground that phasing discovery would increase litigation expenses and result in duplicative depositions. This case presents no reason to depart from that consistent practice. No. 3:14-CV-282, 2014 WL 4630852, at *4 (M.D. Pa. Sept. 15, 2014).

The stay request is even less compelling. Humana bears the burden of showing "good cause," and the pendency of a motion to dismiss, even one Humana believes it will win, does not satisfy that standard. Plaintiff is seeking only to proceed with discovery in the ordinary course. The real prejudice runs to Plaintiff,

a third-party vendor that Humana admits "went rogue" holds critical call records and consent files that are at risk of being lost with every passing month of delay. The Court should deny both motions and allow this case to proceed.

## STATEMENT OF QUESTION INVOLVED

1.     Whether the Court should deny Humana's motions to bifurcate and to stay discovery, when both motions seek only to postpone discovery while Plaintiff's evidence deteriorates, when the "threshold" issues Humana invokes are merits and class questions that overlap substantially and apply identically to the named Plaintiff and the putative class, and when Humana has shown neither that trifurcation would promote efficiency nor the good cause required to stay discovery in the ordinary course?

> *Suggested Answer: Yes.*
> *Anticipated Response: No.*

## ARGUMENT

I.     **Humana's Motion to Bifurcate Discovery Should Be Denied.**

    a. **Humana Bears the Burden of Demonstrating That Bifurcation Would Serve Judicial Economy, Avoid Inconvenience, and Not Prejudice Plaintiff.**

Motions to bifurcate are governed by Federal Rule of Civil Procedure 42(b), which permits the Court to order separate proceedings "[f]or convenience, to avoid prejudice, or to expedite and economize." The decision to bifurcate is left to the

3

Court's informed discretion and "must be decided on a case by case basis." *Hartley-Culp*, 2014 WL 4630852, at *3 (M.D. Pa. Sept. 15, 2014). Critically, "[t]he moving party bears the burden of demonstrating that bifurcation is appropriate" and would serve judicial economy, avoid inconvenience, and not prejudice any of the parties. *Id.*; *EQT*, 2014 WL 12838677, at *1. The Third Circuit has cautioned against routine bifurcation of discovery. *See Barr Laboratories, Inc. v. Abbott Laboratories*, 978 F.2d 98, 115 (3d Cir. 1992). Bifurcation "remains the exception rather than the rule," and courts "do not routinely grant motions to bifurcate discovery, unless there is some showing on the part of the moving party as to why bifurcation is appropriate." *Cephalon, Inc. v. Sun Pharm., Ltd.*, No. 11-5474, 2013 WL 3417416, at *3 (D.N.J. July 8, 2013). Humana has not made that showing.

b. **Courts in This District Consistently Reject Bifurcation in TCPA Class Actions.**

Humana's motion runs directly against the established practice of courts in this District. In *Hartley-Culp*, this Court denied a motion to bifurcate merits and class discovery in a TCPA case, finding that bifurcation "will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." 2014 WL 4630852, at *4. That holding applies with equal force here. Moreover, all of Humana's arguments, including its vicarious liability for the conduct of its rogue agent, "does not raise any defenses

4

unique to [Bland's] individual claims, only defenses common across the putative TCPA classes." *Friel*, 2025 WL 2422617, at *8.

More recently, in *Bronstin*, Judge Munley denied a motion seeking phased discovery on purported threshold issues relating to the plaintiff's standing and the ownership of the telephone number at issue. The court was "not convinced that bifurcation would be more expeditious and economical," reasoning that a new issue would be created for all discovery served, "whether the requests exchanged are seeking information related to individualized discovery or class discovery." 2026 WL 893681 at *3. These concerns apply here with even greater force, given the scope of what Humana proposes.

### c. Humana's Proposed "Phased" Discovery Is a Stay of the Merits in All but Name.

Humana frames its motion as a neutral proposal for "phased" discovery, but what it actually seeks is full merits litigation before class discovery is permitted to begin at all. Humana identifies as "threshold" issues whether Humana can be held vicariously liable for a vendor that "went rogue," Compl. ¶ 43, whether Plaintiff received more than one actionable call "by or on behalf of" Humana, and whether Plaintiff personally registered her telephone number on the National Do Not Call Registry, which is not even an element of or a legal requirement of bringing a TCPA claim. These are not narrow legal questions. They are the core disputed legal and fact issues in this case and resolving them will require extensive factual

discovery equally applicable to, and no more burdensome than, class discovery.

This is precisely the situation the court addressed in both *Friel* and *Bronstin*. In *Bronstin*, the defendant characterized its defenses as "threshold legal questions," but the court was not convinced, finding the issues raised to be both "plaintiff-focused and class-focused." 2026 WL 893681 at 3. The *Friel* Court held the same. The same is true here. Humana's own motion to dismiss is premised on allegations in the Complaint that apply just as equally to Ms. Bland as they do for other class members. Whether Humana is vicariously liable, whether those calls satisfy the more than one call threshold, and whether personal registration on the Do Not Call Registry is even legally required (it is not), are all answerable across the class just as equally as for Ms. Bland.  Discovery cannot be postponed pending a ruling that resolves nothing on its own.

Moreover, Humana seeks to trifurcate discovery into three sequential phases: (1) individual merits, (2) class certification, and (3) class merits. The practical consequence would be at least three rounds of written discovery requests, three rounds of depositions of the same witnesses, and three rounds of dispositive motion briefing. Indeed, that would promote the opposite of judicial economy. *See EQT Prod. Co. v. Terra Servs., LLC*, No. CV 14-1053, 2014 WL 12838677, at *1 (W.D. Pa. Oct. 22, 2014) ("Terra's proposal would likely result in deposing the same witnesses twice—once in the liability phase, and again in the damages phase.

6

This is the definition of inconvenience").

### d. Merits and Class Discovery Overlap Substantially, Making Bifurcation Counterproductive.

Bifurcation of discovery, particularly in class actions, is often "counterproductive" precisely because the line between merits and class issues is "practically difficult, if not impossible, to determine." *Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*, No. 8:10-CV-2008-T-33TGW, 2011 WL 486123, at *1 (M.D. Fla. Feb. 7, 2011); *see also Manual For Complex Litigation (Fourth)* ("MCL 4th") § 21.15 (2015). The Supreme Court has confirmed that class certification inquiries will frequently "entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). As the Advisory Committee has observed, courts should avoid creating an artificial and ultimately wasteful decision between certification discovery and merits discovery. Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A).

This case illustrates the overlap vividly. To evaluate Plaintiff's individual claim, the parties will need to discover: who placed the calls and the underlying call data, whether those calls were made "by or on behalf of" Humana, what dialing systems and vendors were used, what consent records exist, and how

7

Plaintiff's number was obtained. Each of these inquiries is simultaneously a merits question and a class certification question. Call logs identify class members *and* prove liability. Consent records go to Humana's central defense *and* to whether consent issues can be resolved on a classwide basis. Vendor and dialing records establish what happened to Plaintiff *and* whether the same conduct was directed at others. There is no principled way to split these issues into phases.

Courts across the country, including this one, have recognized this problem in TCPA cases specifically. *See, e.g., Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025) ("Because individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time."); *Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025) (declining to bifurcate because "there is considerable overlap between discovery relevant to the merits of [plaintiff's] individual claims and issues of class certification"); *Grippo v. Sugared + Bronzed, LLC*, No. SA CV 24-01792-AB, 2025 WL 596095, at *2 (C.D. Cal. Feb. 24, 2025) ("the distinction between merits discovery and class discovery is not always clear"); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("[T]he distinction between class certification and merits discovery is murky at best and impossible to determine at worst.").

The inevitable result of Humana's proposal is what *In re Plastics Additives Antitrust Litigation* warned against: the Court being "forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery." No. CIV.A. 03-2038, 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004). As another court recognized in a comparable TCPA bifurcation dispute, "bifurcation can actually increase the costs of litigation because of disputes over what constitutes merits and what constitutes class discovery." *In re Groupon, Inc. Sec. Litig.*, 2014 WL 12746902, at *4 (N.D. Ill. 2014).

### e. Humana Has Not Identified Any Concrete Burden Justifying Bifurcation.

Humana's burden argument rests entirely on generalized assertions about the expense of class discovery. But generalized assertions regarding the expense of class discovery do not constitute good cause under Rule 26(c). Rule 26 already provides ample protection against disproportionate discovery requests. Humana has not identified any specific discovery request that imposes an undue burden, nor has it demonstrated why ordinary discovery cannot proceed under the Federal Rules' existing safeguards. *See Wilson v. Quest Diagnostics, Inc.*, 2019 WL 7560932, at *4 (D.N.J. Aug. 22, 2019) (rejecting an attempt to limit discovery to a single defense and observing that both parties are entitled to discovery). If Humana has objections to specific discovery requests, it may raise them in response to those requests. A blanket preemptive stay of class discovery is not the answer.

Humana also contends that its pending motions to dismiss and to strike the class allegations could eliminate the need for class (or any) discovery entirely. Not so. As more fully explained in Plaintiff's opposition to those motions, the motion to strike the class allegations identifies red herring arguments and actually requests that the Plaintiff plead failsafe classes that have been held to be impermissible, argues that the TCPA imposes a personal registration requirement it does not impose, and argues that consent pervades classes to which consent is inapplicable, and presumes that the Defendant will be able to meet its burden of proof of demonstrating legally sufficient consent. The consent defense is a premature, fact-bound affirmative defense on which Humana bears the burden, not a basis to strike class allegations before any record exists. *See Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 318 (D. Mass. 2020); *Watson v. Manhattan Luxury Automobiles, Inc.*, 2022 WL 4586407, at *10 (S.D.N.Y. Sept. 29, 2022).

Indeed, Humana's argument would require Plaintiff to plead the very "no consent" language that courts have condemned as creating an impermissible fail-safe class, *see Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 538 (E.D. Mich. 2015), a drafting trap Plaintiff deliberately avoided. And Humana's contention that each class member must have *personally* registered her number on the National Do Not Call Registry invokes a legal a requirement the TCPA does not impose. *Callier v. Am.-Amicable Life Ins. Co. of Texas*, No. EP-22-CV-00018-

FM, 2022 WL 17732717, at *5 (W.D. Tex. Oct. 18, 2022) (labeling Defendant's argument as one that "borders on frivolous."). These hotly contested questions on certification come nowhere near to striking them at the pleadings stage. It is readily apparent that the answers to those questions will apply equally to the named plaintiff as the proposed classes, and thus bifurcation would be wasteful, inefficient, and simply lead to further disputes as to what constitutes "class" or "merits" discovery.

Nor does the motion to dismiss change the analysis. Much of that motion centers on vicarious liability, including whether Humana is vicariously liable for the actions of the Humana agent with whom Plaintiff spoke. But given that vicarious liability is notoriously fact-bound, the Plaintiff should not be denied discovery into whether an agency relationship exists. Discovery is necessary, and the Plaintiff has pled enough at the pleadings stage, including the agent's licensure status. Whether the calls were placed "by or on behalf of" Humana, whether Humana may be held vicariously liable for a vendor that went "rogue," and whether consent is even available as a defense are all questions whose resolution turns on the same vendor contracts, call logs, system data, and putative consent records, evidence that is simultaneously individual and classwide. *See Wal-Mart*, 564 U.S. at 351(class determination is "enmeshed" with the merits). And it goes without saying that whether Humana is vicariously liable or not for its agent's

11

actions applies just as equally to the Plaintiff as the rest of the Class.

Because a ruling on either motion would resolve nothing uniquely as to Plaintiff while leaving the identical questions open as to the class, deferring discovery accomplishes no efficiency whatsoever. It would instead force the parties and the Court into precisely the wasteful line-drawing exercise that courts in this District have repeatedly refused to invite. The pendency of these motions is therefore not a reason against permitting discovery to proceed in the ordinary course.

## II.    Humana's Motion to Stay Discovery Should Also Be Denied.

Humana's motion to stay fails for many of the same reasons as its bifurcation motion, and for several additional ones. Under Federal Rule of Civil Procedure 26(c), the party seeking a stay of discovery must demonstrate "good cause." *Perelman v. Perelman*, No. 10-5622, 2011 WL 3330376, at *1 (E.D. Pa. Aug. 3, 2011). A stay is appropriate only where "the likelihood that [the pending] motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay." *Id.* (citation omitted). Humana cannot make that showing.

First, as described *supra*, Humana's pending motions are unlikely to succeed, and therefore unlikely to narrow or eliminate discovery. "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6)

would stay discovery, the Rules would contain a provision to that effect."
*Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 WL 2778104, at *5
(N.D. Tex. June 26, 2017).

Second, a stay would cause concrete prejudice to Plaintiff and the putative
class that far outweighs any burden on Humana. The critical evidence in this case
is held largely by a third-party vendor that Humana admits went "rogue." Compl. ¶
43, as well as third-party telephone companies. Third-party vendors and telephone
companies routinely purge records on short retention schedules. Every month of
delay increases the probability that this evidence will be lost or destroyed before
Plaintiff can obtain it. Courts have repeatedly held that this kind of spoliation risk
weighs decisively against a stay. *See, e.g., Saleh v. Crunch, Ltd. Liab. Co.*, No. 17-
62416-Civ-COOKE/HUNT, 2018 U.S. Dist. LEXIS 36764, at *4-5 (S.D. Fla. Feb.
28, 2018) ("a stay would prolong this matter on the Court's docket and could
conceivably prejudice Plaintiff by the fading memory of any witnesses"); *Lathrop
v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan.
8, 2016) (plaintiffs may "suffer prejudice from a stay because the case would
extend for an indeterminate length of time, increase the difficulty of reaching class
members, and increase the risk that evidence will dissipate").

Multiple TCPA class actions have been lost precisely because critical
records were not preserved. *See Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078,

13

at *2 (D. Md. May 25, 2007) (denying class certification because "critical information regarding the identity of those who received the facsimile transmissions" was not available); *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011) (granting summary judgment for the same reason). Plaintiff cannot afford to wait.

Third, Plaintiff will also be prejudiced by the ordinary passage of time. "With the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." *Sanaah v. Howell*, No. 08-cv-02117-REB-KLM, 2009 U.S. Dist. LEXIS 35260, at *2 (D. Colo. Apr. 9, 2009). This is all the more palpable when the Plaintiff does not even know the relevant telephone companies and other vendors involved so that the Plaintiff may serve discovery or preservation requests on these entities. This case is already in its early stages. Further delay serves only Humana.

By contrast, Humana identifies no concrete prejudice from proceeding with discovery in the ordinary course. As another court explained when denying a motion to stay in a TCPA case:

> [Defendant] has not demonstrated irreparable injury; it notes only that it is potentially on the hook for substantial damages, given the putative nationwide class. Monetary damages, of course, do not by themselves constitute irreparable injury. [Plaintiff], on the other hand, persuasively argues that she would be injured by a stay, particularly because discovery has yet to commence, and evidence is at risk of being lost.

14

This injury, which is both likely and irreparable, far outweighs the injury posed by a potential future judgment for money damages.

*Simon v. Ultimate Fitness Grp., LLC*, No. 19-cv-890, 2019 U.S. Dist. LEXIS 147676, at *18, 21-22 (S.D.N.Y. Aug. 19, 2019). The same analysis applies here.

**CONCLUSION**

Humana's motions are not about efficiency or judicial economy. They are about postponing discovery while Plaintiff's evidence deteriorates. Bifurcation is the exception, not the rule, and Humana has not come close to demonstrating that the extraordinary burden of trifurcated discovery is warranted here. A stay fares no better, since Humana cannot show good cause, and the prejudice from delay falls entirely on Plaintiff. The Court should deny both motions and direct the parties to proceed with discovery in the ordinary course.

RESPECTFULLY SUBMITTED AND DATED this June 24, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.8(b)(2), I hereby certify that this brief contains 15 pages.

DATED this June 24, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that, on June 24, 2026, I served the foregoing on all interested parties in this action by transmitting such document(s) electronically via CM/ECF, which will automatically notify each attorney who has entered their appearance.

Dated: June 24, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.

16