**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KELLY BLAND, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | Case No. 1:26-CV-00659-KM |
| *v.* | HON. KAROLINE MEHALCHICK |
| HUMANA INC. | |
| *Defendant.* | |

**DEFENDANT HUMANA INC.'S REPLY BRIEF IN FURTHER SUPPORT
OF ITS MOTION TO STAY DISCOVERY**

## I.   INTRODUCTION

Plaintiff Kelly Bland's ("Plaintiff") opposition ("Opp.") (ECF No. 28) does

not dispute the procedural posture that controls this motion: three threshold motions

remain pending—a Motion to Dismiss that may dispose of this case in its entirety, a

Motion to Strike Class Allegations that may eliminate the class claims and any need

for classwide discovery, and a Motion to Bifurcate that would confine whatever

discovery does proceed—and no deposition notice, interrogatory, or document

request has yet been served. Instead of addressing that posture, Plaintiff devotes her

brief almost entirely to arguing against bifurcation—a separate motion governed by

a separate standard—and only belatedly turns to the stay standard itself. Plaintiff's

opposition to the stay rests on three propositions: that Humana's pending motions

1

are unlikely to succeed, that a stay would risk the loss of third-party evidence, and that Plaintiff will be prejudiced by the ordinary passage of time. None withstands scrutiny under the standard articulated in *Perelman v. Perelman*, No. 10-5622, 2011 WL 3330376 (E.D. Pa. Aug. 3, 2011)—the very case Plaintiff herself cites.

## II.  <u>ARGUMENT</u>

### A.  **Plaintiff Misapplies the Good Cause Standard by Demanding Certainty of Success Rather Than a Likelihood of Narrowing or Elimination.**

Plaintiff argues that Humana "cannot make that showing" of good cause because its "pending motions are unlikely to succeed." ECF No. 28 at 12. That framing inverts the standard. A stay is warranted where "the likelihood that [the pending] motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay." *Perelman,* 2011 WL 3330376, at *1 (quoting *Weisman v. Mediq, Inc.*, Civ. A. No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995)). In assessing that likelihood, "the court does not need to form an opinion on the merits of the case." *Id.* Humana need not prove in advance that it will prevail on the Motion to Dismiss, the Motion to Strike, or the Motion to Bifurcate. It needs only to show that those motions are substantial and case-narrowing on their face—a showing that Humana's opening briefs make in detail and that this reply need not repeat. *See* ECF No. 15 at 7–9 (collecting cases staying discovery pending resolution of potentially dispositive motions); ECF No. 14 at 6–8 (collecting cases phasing discovery where a threshold issue may be

2

dispositive of the named plaintiff's claims).

Plaintiff's reliance on *Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 WL 2778104 (N.D. Tex. June 26, 2017), for the proposition that the Federal Rules would have contained an automatic stay provision if a motion to dismiss were meant to pause discovery, proves nothing. No party here has suggested that a motion to dismiss automatically stays discovery. Humana instead filed a separate motion under Rule 26(c) and carried its burden under the multi-factor balancing test applied in this District, which expressly contemplates discretionary stays precisely in circumstances like this one, where threshold motions stand to dispose of or substantially narrow the case before any discovery occurs.

**B.      The Asserted Risk of Evidentiary Loss Does Not Outweigh the Concrete Burden of Proceeding with Discovery Before the Threshold Motions Are Resolved.**

Plaintiff's principal prejudice argument is that a third-party vendor that the Complaint alleges was hired by an agent and "went rogue," ECF No. 1 at ¶ 43, holds call records and consent files that are at risk of being lost with the passage of time. ECF No. 28 at 13. But Plaintiff identifies no specific retention policy, no specific vendor, and no specific record that is presently at risk. The cases Plaintiff cites for this proposition involve materially different postures. In *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), and *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011), the courts addressed the

3

consequences of evidence *already lost* by the time of class certification or summary judgment, not a generalized future risk asserted to defeat a discovery stay at the pleading stage. Those decisions illustrate why preservation matters; they do not establish that a brief stay pending resolution of threshold motions creates the kind of risk that outweighs Humana's showing. Indeed, *Weisman* itself—the decision from which Plaintiff's own good-cause standard derives—rejected precisely this argument, finding an unsupported "contention that a delay will result in loss or alteration of potential evidence" insufficient because such an accusation "does not carry with it a presumption that evidence will be destroyed." *Weisman*, 1995 WL 273678, at *2.

Notably, a stay does not suspend preservation obligations. Humana has not sought, and does not seek, relief from its ordinary duty to preserve relevant evidence within its possession, custody, or control. If Plaintiff is concerned about a particular nonparty custodian or record source, she may seek a targeted preservation arrangement or narrowly tailored preservation relief. *Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021), rejected this precise argument. The plaintiff there resisted any deferral of class discovery on the ground that a third party might destroy relevant call records; the court deferred class discovery anyway, because the answer to a preservation concern is preservation—the plaintiff "may subpoena the third party at issue or take

some other action to ensure the preservation of records." *Id.* If targeted preservation suffices where limited individual discovery proceeds, it more than suffices during a brief stay while the Court resolves motions that may obviate discovery altogether. Preservation is a separate question from whether full discovery should proceed now, before the Court has resolved whether Plaintiff has even stated a viable claim or whether any class can survive Rule 23 scrutiny. *See* ECF No. 15 at 12–14; *U.S. ex rel. Spay v. CVS Caremark Corp.*, No. 09-4672, 2012 WL 11948492, at *1 n.1 (E.D. Pa. July 11, 2012) (plaintiff "suffer[s] no clear prejudice from a temporary delay in discovery" while the court resolves a motion to dismiss "in the ordinary course of business"). Targeted preservation—not premature classwide discovery—is the proper response to a concrete preservation concern.

Plaintiff's citation to *Simon v. Ultimate Fitness Grp., LLC*, No. 19-cv-890, 2019 U.S. Dist. LEXIS 147676, at *18, *21–22 (S.D.N.Y. Aug. 19, 2019), for the proposition that a defendant's exposure to monetary damages does not establish irreparable injury, is beside the point. Humana's Motion to Stay does not rest on its own exposure to damages. It rests on the showing, set out at length in Humana's opening brief (ECF No. 15), that proceeding with sweeping, multi-class, nationwide TCPA discovery before the Court resolves whether any class can be certified at all would impose substantial and largely unrecoverable costs on Humana that the pending motions may render entirely unnecessary. *See Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 558–59 (2007) (emphasizing that neither careful case management nor summary judgment scrutiny can fully protect a defendant from the discovery costs imposed by class litigation).

**C.      This Case Is in Its Earliest Stages, and a Short Stay Imposes No Cognizable Prejudice on Plaintiff.**

Plaintiff repeatedly asserts that she seeks only to "proceed with discovery in the ordinary course." ECF No. 28 at 2. But where a defendant has filed substantial, case-narrowing threshold motions before any discovery has been exchanged, courts in this District have granted stays under circumstances indistinguishable from these. *See Fernsler v. Swatara Twp. Police Dep't*, No. 1:24-CV-1253, 2024 WL 4372307, at *2 (M.D. Pa. Oct. 2, 2024) (granting stay where discovery had "not yet begun at this early stage" and resolution of pending motions was "likely to reduce or eliminate the need for discovery"). No Rule 26(f) conference has occurred. No scheduling order is in place. No discovery requests of any kind have been served on Humana. Plaintiff identifies no specific deadline, hearing, or event that a brief stay would jeopardize. Plaintiff's remaining contention—that memories may fade and witnesses may become unavailable through the ordinary passage of time, ECF No. 28 at 14— is a generalized concern present in every case, and precisely the type of unsupported assertion that *Weisman* found insufficient to defeat an otherwise warranted stay. *Weisman*, 1995 WL 273678, at *2.

At bottom, a stay pending resolution of the Motion to Dismiss and Motion to

Strike Class Allegations will not deprive Plaintiff of discovery. It will simply ensure that if and when discovery proceeds, the parties and the Court will have, in the words Plaintiff's own authority approvingly quotes, "full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur." *Weisman*, 1995 WL 273678, at *2. That is precisely the efficiency Rule 26(c) is designed to protect, and precisely what Plaintiff's opposition fails to overcome.

## III.    CONCLUSION

For the foregoing reasons, Humana respectfully requests that the Court grant its Motion to Stay Discovery and stay all discovery and pretrial deadlines pending resolution of Humana's Motion to Dismiss, Motion to Strike Class Allegations, and Motion to Bifurcate Discovery.

Dated: July 15, 2026                                    Respectfully submitted,

*/s/ V. Amanda Witts*
V. Amanda Witts
Mitchell Sandler PLLC
2020 K Street NW
Suite 760
Washington, DC 20006
Tel: 202.886.5267
v.awitts@mitchellsandler.com

AND

Eric J. Troutman (*pro hac vice)*
Puja J. Amin (*pro hac vice*)
Tori L. Guidry (*pro hac vice*)
Blake H. Landis (*pro hac vice*)
Troutman Amin, LLP

8

400 Spectrum Center Drive
Suite 1450
Irvine, CA 92618
Telephone: (949) 350-3663
Facsimile: (949) 203-8689
troutman@troutmanamin.com

*Attorneys for Defendant, Humana Inc.*

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMIT

Pursuant to Local Rule 7.8(b)(2), I hereby certify that this brief complies with the type-volume limitation set forth by the Local Rules of this Court. Excluding the parts of the brief exempted by the Local Rules (such as table of contents, table of authorities, and exhibits), this brief contains 1,497 words as counted by the word processing system used to prepare this brief.

*/s/ V. Amanda Witts*
V. Amanda Witts

9

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on July 15, 2026, a copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Middle District of Pennsylvania via the CM/ECF system and served to all counsel of record via the CM/ECF system.

*/s/ V. Amanda Witts*
V. Amanda Witts
